IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PAUL MARKS,

    Plaintiff,

v.

CITY OF PARSONS, KANSAS, et al.,

    Defendants.

Case No. 25-2617-JWB-ADM

## ORDER

Plaintiff Paul Marks brings this action arising from his arrest and subsequent incarceration at the Labette County Jail. The matter now comes before the court on the motion to stay discovery filed by defendants Labette County, Darren Eichinger, Jason Bennett, Dawn Pecha, Mandy Brown, Sarah Waggoner, Jared Allen, Christian Depoister, Gage Gannaway, Danial Jacobson, and Hope Van Soosten (together, "the County Defendants") and joined by defendant City of Parsons, Kansas ("the City"). (ECF 14, 16.) By way of the motion, the County Defendants ask the court to stay discovery pending a ruling on their motion to dismiss in which they seek dismissal of all claims against them under Federal Rules of Civil Procedure 8 (requiring notice pleading) and 12(b)(6) (failure to state a claim), and in which the individual County Defendants assert qualified-immunity defenses. (ECF 10.) For the reasons discussed below, this motion is granted.

This district's longstanding policy is not to stay discovery simply because a dispositive motion is pending. *See Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994). A stay may be appropriate, however, if "(1) the case is likely to be finally concluded via the dispositive motion; (2) the facts sought through discovery would not affect the resolution of the dispositive motion; (3) discovery on all issues posed by the complaint would be wasteful and burdensome; or (4) the

dispositive motion raises issues as to a defendant's immunity from suit." *Myles v. Walmart, Inc.*, No. 22-4069-DDC-ADM, 2023 WL 1469456, at *1-2 (D. Kan. Feb. 2, 2023).  Whether to grant a stay of discovery is committed to the trial court's sound discretion.  *Clinton v. Jones*, 520 U.S. 681, 706 (1997).

Here, the court agrees with the County Defendants and the City that a stay of discovery is warranted.  First, the court gives significant weight to the fact that the individual County Defendants have raised qualified-immunity defenses in their motion to dismiss.  A defendant who asserts this defense is generally entitled to have questions of immunity resolved before being required to engage in discovery.  *See Arnold v. City of Olathe, Kan.*, No. 18-cv-2703-CM-JPO, 2019 WL 2438677, at *2 (D. Kan. Mar. 8, 2019) (citing *Siegert v. Gilley*, 500 U.S. 226, 232 (1991) ("One of the purposes of immunity, absolute or qualified, is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit.").  Until the "threshold immunity question is resolved, discovery should not be allowed."  *Harlow v. Fitzgerald*, 457 U.S. 800, 819 (1982).  Otherwise, a defendant who is entitled to immunity would be effectively deprived of its benefit.  *Siegert*, 500 U.S. at 232 (treating immunity as a threshold issue allows a court "to weed out suits . . . without requiring a defendant who rightly claims qualified immunity to engage in expensive and time-consuming preparation to defend the suit on its merits").  The undersigned judge makes no prediction on whether the presiding district judge will find the individual County Defendants immune from suit, but the law is clear that they are shielded from discovery until the court makes that threshold determination.

Although discovery could go forward against other defendants named in this suit, split discovery can be messy and inefficient.  Weighing that practical reality in conjunction with the remaining stay factors, the court concludes that a stay of all discovery will best facilitate the just,

speedy, and inexpensive determination of this action. *See* FED. R. CIV. P. 1. Specifically, both the City and County Defendants' motions to dismiss assert that Marks's complaint fails to adequately state a claim upon which relief can be granted. (ECF 10, 11, 12, and 13.) Although the court does not forecast the outcome of the motions to dismiss, it appears there is at least some likelihood that parties and claims could be narrowed as a result of the district judge's ruling on the motions. In addition, Marks has responded to the motions to dismiss, so any fact that might be sought through discovery will not affect the resolution of the motions. Given these considerations, the court agrees with defendants that discovery on all issues and as to all defendants at this point could prove wasteful and burdensome.

**IT IS THEREFORE ORDERED** that the County Defendants' motion to stay discovery (ECF 14) is granted. Discovery is stayed pending a ruling on the County Defendants' motion to dismiss (ECF 10). Within 10 days of the ruling, Marks is directed to notify the undersigned judge (via email to her chambers) and the court will issue a new Initial Order Regarding Planning and Scheduling.

**IT IS FURTHER ORDERED** that the City's related motion joining the County Defendants' motion to stay discovery (ECF 16) is granted.

**IT IS SO ORDERED.**

Dated December 2, 2025, at Kansas City, Kansas.

s/ Angel D. Mitchell  
Angel D. Mitchell  
U.S. Magistrate Judge