IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PAUL MARKS,

        Plaintiff,

v.                                Case No.  25-2617-JWB

CITY OF PARSONS, KANSAS, et al.,

        Defendants.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendants' motions to dismiss (Docs. 10, 12, 31) and a motion for joinder (Doc. 29).  The motions have been fully briefed and are ripe for decision.[1] (Docs. 11, 13, 17, 19, 28, 30, 32.)  The motion for joinder is GRANTED and the motions to dismiss are GRANTED as to Plaintiff's section 1983 claim for the reasons stated herein.

**I.    Facts and Procedural History**

Plaintiff brings claims under 42 U.S.C. § 1983 against the City of Parsons (the "City" or "Parsons"), Labette County (the "County") and numerous individual City and County employees alleging that they violated his constitutional rights when he was arrested and later detained.  The facts set forth herein are taken from Plaintiff's complaint.

On April 4, 2023, an unknown woman called the City's Police Department to request a welfare check on Plaintiff Paul Marks who is 76 years old.  (Doc. 1-1 ¶ 32.)  At approximately 7 p.m., Parsons' police officers went to Plaintiff's home.  Plaintiff was sleeping at this time.  Police officers unlatched Plaintiff's door and peered inside the dark home.  (*Id.* ¶ 33.)  According to the

---

[1] Plaintiff has failed to respond to the motion for joinder and one motion to dismiss; however, the time for doing so has long passed.

officers, they observed Plaintiff point a gun at them. (*Id.* ¶ 9.) Officers called for backup and more officers arrived. Plaintiff woke to flashing lights outside his home and decided to go outside to see what was going on. (*Id.* ¶ 11.) Plaintiff exited his home with his cell phone in his hand. (*Id.* ¶ 12.) Plaintiff was confronted by officers, tackled to the ground, and handcuffed. (*Id.* ¶¶ 13–14.) At the time, Plaintiff was wearing only a t-shirt and pants and did not have shoes. Plaintiff remained in the front yard and had to sit on the grass while handcuffed and in chilly weather. (*Id.* ¶ 14.)

Plaintiff was told that he was under arrest and then "forcibly transferred" to the Parsons County Jail. (*Id.* ¶¶ 15, 16.) Plaintiff did not have his glasses, false teeth, or his prescription medicine. (*Id.* ¶ 16.) At the jail, Plaintiff was stripped naked, he thought he was going to die, and did not receive medical attention. (*Id.*) Plaintiff remained in the county jail for three days. Plaintiff allegedly made "pleas for help" during this time. (*Id.* ¶ 17.) After Plaintiff was detained, officers obtained a search warrant and searched Plaintiff's home. (*Id.* ¶ 19.) Plaintiff alleges that the search warrant was "falsely sought and obtained." (*Id.* ¶ 62(k).) Chief of Police Robert Spinks told reporters that Plaintiff swung a gun at officers and that officers seized a gun and drugs from the home during the search. (*Id.* ¶ 50.)

Plaintiff was charged with several state crimes which were later dismissed with prejudice. Plaintiff filed this case in Labette County District Court (Case No. 25-CV-049) on August 31, 2025. (Doc. 1-1.) Plaintiff's complaint alleges several state law claims and a violation of 42 U.S.C. § 1983. Plaintiff's complaint names the following as Defendants: the City; City employees Connor Eckinger, Christian Smith, Josh Daniels, Troy Anderson, Sherri McGuire, Waylon Kepley, Robert Spinks, and Christine Lewis (the "Individual City Defendants"); the County; County employees Darren Eckinger, Jason Bennett, Dawn Pecha, Mandy Brown, Sarah Waggoner, Jared

Allen, Hunter Demond, Christian Depoister, Gage Gannaway, Daniel Jacobson, Hope Van Soosten, and Mandy Williams (the "Individual County Defendants").[2]

On October 27, 2025, Labette County and some of the Individual County Defendants removed the action to this court.  (Doc. 1.)  As of the date of this order, Defendants Connor Eckinger, Troy Anderson, Sherri McGuire, and Christine Lewis have not been served.  Defendant Labette County and some of the County Individual Defendants move for dismissal.  (Doc. 10.) Defendants Hunter Demond and Mandy Williams move to join in that motion as they are also county defendants.  (Doc. 29.)  The City also moved to dismiss as well as the Individual City Defendants.  (Docs. 12, 31.)  All individual Defendants assert that they are entitled to qualified immunity.  The Municipal Defendants assert that Plaintiff has failed to state a municipal liability claim against them.

Plaintiff filed a response to the motions filed by the County Defendants and the City. Plaintiff did not file a response to the motion filed by the Individual City Defendants.

II.    **Standard**

Dismissal.  In order to withstand a motion to dismiss for failure to state a claim, a complaint must contain enough allegations of fact to state a claim for relief that is plausible on its face. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).  All well-pleaded facts and the reasonable inferences derived from those facts are viewed in the light most favorable to Plaintiff.  *Archuleta v. Wagner*, 523 F.3d 1278, 1283 (10th Cir. 2008).    Conclusory allegations, however, have no bearing upon the court's consideration.  *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007).

---

[2] Plaintiff also asserted claims against Ashley Taylor and Dawn Ackley but they have since been voluntarily dismissed.  (Doc. 47.)

Section 1983 Qualified Immunity.   The individual Defendants move for dismissal on the basis of qualified immunity.  "Individual defendants named in a § 1983 action may raise a defense of qualified immunity." *Cillo v. City of Greenwood Vill.*, 739 F.3d 451, 460 (10th Cir. 2013).  Qualified immunity "shields public officials ... from damages actions unless their conduct was unreasonable in light of clearly established law." *Gann v. Cline*, 519 F.3d 1090, 1092 (10th Cir. 2008) (quotations omitted).  When the defense of qualified immunity is asserted, a plaintiff must show: "(1) that the defendant's actions violated a federal constitutional or statutory right, and, if so, (2) that the right was clearly established at the time of the defendant's unlawful conduct." *Cillo*, 739 F.3d at 460.

Municipal Liability.  Municipal liability against the city and county requires more than a violation by one of the municipality's employees.  Plaintiff must sufficiently allege: (1) that a violation was committed by an employee; (2) that there is a municipal policy or custom; and (3) a "direct causal link between the policy or custom and the injury alleged." *Graves v. Thomas*, 450 F.3d 1215, 1218 (10th Cir. 2006).

## III.   Analysis

### A.  Failure to Serve

At the outset, the court addresses Plaintiff's failure to serve Defendants Connor Eckinger, Troy Anderson, Sherri McGuire, and Christine Lewis.  After removal, 28 U.S.C. § 1448 and Fed. R. Civ. P. 4(m) gave Plaintiff an additional 90 days in which to perfect service. *Wallace v. Microsoft Corp.*, 596 F.3d 703, 706–07 (10th Cir. 2010).  This matter was removed on October 27, 2025.  More than 90 days have passed and Plaintiff has not served these individual Defendants.  Therefore, under Fed. R. Civ. P. 4(m), the court is to dismiss the action without prejudice as to that defendant or allow additional time for service.  Given the rulings herein, the court dismisses

4

Connor Eckinger, Troy Anderson, Sherri McGuire, and Christine Lewis without prejudice from this action.

### B.  1983 Claim

Plaintiff's § 1983 claim against all Defendants assert that they violated his First Amendment right to free speech, his Fourth Amendment right to be free from unreasonable searches and seizures, his Fifth and Fourteenth Amendment due process rights, and his Eighth Amendment right to be free from cruel and unusual punishment.  (Doc. 1-1 ¶ 63.)  Plaintiff's response brief provides some additional clarification to the context of his claims, but not much. With respect to his First Amendment claim, Plaintiff asserts that it is based on retaliation after he engaged in protected speech.  With respect to his Fourth Amendment claim, he asserts that he was subjected to excessive force, an unlawful search, and an arrest without probable cause.  Turning to his due process claim, Plaintiff merely asserts that he was deprived of his liberty and property without due process.  Finally, he asserts that Defendants violated his Eighth Amendment rights by using excessive force and being deliberately indifferent to his medical needs.  (Doc. 17 at 5–6.)

All of the Individual Defendants move to dismiss on the basis that Plaintiff's complaint fails to state a claim against them and because they are entitled to qualified immunity. Surprisingly, Plaintiff wholly fails to respond to these arguments.  Plaintiff brings claims against twenty city and county employees in this action.  Reviewing the complaint, Plaintiff has utterly failed to identify any actions, with a single exception, taken by these twenty individuals.  Notably, except for a single factual allegation regarding Spinks, the Individual Defendants are only identified in the complaint to name them as Defendants and that they either work for the City or the County.  The allegations with respect to Spinks concern his alleged defamatory statements.

These allegations are directly related to Plaintiff's state law defamation claim and do not touch on a constitutional violation.

To plausibly state a § 1983 claim, Plaintiff must sufficiently allege that each individual violated the Constitution. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). To sufficiently state a claim, Plaintiff must "make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claims against him." *Smith v. United States*, 561 F.3d 1090, 1104 (10th Cir. 2009) (citations omitted). Plaintiff has failed to comply with this standard as his allegations are entirely conclusory and he wholly fails to specifically allege actions taken by the Individual Defendants. The complaint simply lumps them all together throughout. By using "the collective term 'Defendants' or a list of the defendants named individually but with no distinction as to what acts are attributable to whom, it is impossible for any of these individuals to ascertain what particular unconstitutional acts they are alleged to have committed." *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008).

In his response brief to the County's motion, Plaintiff wholly fails to address these arguments raised by the Individual County Defendants. And, in response to the City's motion, Plaintiff cites the standard set forth above and claims that he has complied with it. (Doc. 17 at 5.) He has not done so. Plaintiff's response to the County's motion regarding this claim amounts to one paragraph and only addresses the municipality claim. (Doc. 19 at 3.) Plaintiff failed to file any response brief to the motion to dismiss filed by the Individual City Defendants.

After review, the court finds that Plaintiff's claims against the Individual Defendants are subject to dismissal for failure to state a claim as well as failure to comply with Rule 8. *See Shrum v. Cooke*, 60 F.4th 1304, 1312 (10th Cir. 2023). "To recover damages from each of [multiple] Defendants under § 1983, [Plaintiff] had to show that such Defendant personally participated in

6

the alleged constitutional violation." *Id.* (quoting *Vasquez v. Davis*, 882 F. 3d 1270, 1275 (10th Cir. 2018)).  He has failed to do so.

Further, all Individual Defendants have raised qualified immunity.  A § 1983 defendant's assertion of qualified immunity is an "affirmative defense [that] creates a presumption that the defendant is immune from suit." *Est. of Smart by Smart v. City of Wichita*, 951 F.3d 1161, 1168 (10th Cir. 2020).  To rebut this presumption, Plaintiff must show that (1) each defendant's actions violated a constitutional or statutory right, and (2) the right was clearly established at the time of the defendant's complained-of conduct.  *Truman v. Orem City*, 1 F.4th 1227, 1235 (10th Cir. 2021).

Given that Plaintiff has not even attempted to rebut the Individual Defendants' assertion of qualified immunity, the § 1983 claims against Christian Smith, Josh Daniels, Waylon Kepley, Robert Spinks, Darren Eckinger, Jason Bennett, Dawn Pecha, Mandy Brown, Sarah Waggoner, Jared Allen, Hunter Demond, Christian Depoister, Gage Gannaway, Daniel Jacobson, Hope Van Soosten, and Mandy Williams in their individual capacities are dismissed.

### C.  Municipal Liability

Next, Plaintiff asserts municipal liability claims against the City and the County.  At the outset, the County argues that it should be dismissed because it is not the proper party.  In order to state a claim against a county, Plaintiff must sue the "board of county commissioners" of the county.  K.S.A. 19-105.  Plaintiff fails to address this issue.  While the court agrees that Plaintiff is required to name the board of county commissions here instead of the County, such a defect is correctable by an amended pleading.  Therefore, the court declines to dismiss on this basis and will proceed to the arguments on the merits.

At the outset, the court also notes that the claims against the City and County are subject to dismissal as Plaintiff has failed to allege a violation by any individual Defendants as set forth above. *See Olsen v. Layton Hills Mall*, 312 F.3d 1304, 1317–18 (10th Cir. 2002) (holding that a municipality is not liable when there is no underlying violation by an officer). Nevertheless the court will proceed to the merits of the claim.

To state a claim for municipal liability, Plaintiff must allege facts showing (1) the existence of an official municipal policy or custom; (2) a direct causal link between the policy or custom and the constitutional injury alleged; and (3) deliberate indifference on the part of the municipality. *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 769 (10th Cir. 2013). On claims of inadequate hiring, training, or supervision, a plaintiff must "demonstrate that the municipal action was taken with 'deliberate indifference' as to its known or obvious consequences." *Waller v. Cty. of Denver*, 932 F.3d 1277, 1284 (10th Cir. 2019). "Deliberate indifference is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action, … as a less stringent standard of fault for a failure-to-train claim would result in de facto respondeat superior liability on municipalities." *Id.* The standard may be satisfied "when the municipality has actual or constructive notice that its action or failure to act is substantially certain to result in a constitutional violation, and it consciously or deliberately chooses to disregard the risk of harm." *Id.* (quoting *Barney v. Pulsipher*, 143 F.3d 1299, 1307 (10th Cir. 1998)). "In most instances, notice can be established by proving the existence of a pattern of tortious conduct." *Id.* Absent a pattern of unconstitutional behavior, deliberate indifference may be found only "in a narrow range of circumstances" where "a violation of federal rights is a highly predictable or plainly obvious consequence of a municipality's action or inaction." *Id.*

8

Turning to the allegations in the complaint, Plaintiff alleges that the constitutional violations occurred pursuant to "formal policies" or "unwritten customs." (Doc. 1-1 at ¶ 65.) This allegation is entirely conclusory and cannot support a claim. Plaintiff has failed to identify the policy or custom and how that policy or custom was the cause of the violation. Plaintiff further alleges that the constitutional violations were the result of inadequate training as to welfare check procedures, de-escalation techniques, and proper medical care of the elderly. (*Id.* ¶ 66.) Plaintiff's arguments in his brief make clear that he is principally relying on these claims as to the City and County's liability.[3] (Docs. 17 at 8, 19 at 3.)

Again, Plaintiff's allegations regarding the failure to train are entirely conclusory. Plaintiff asserts that the City and County failed to train regarding welfare check procedures, de-escalation techniques, and proper medical care of the elderly. However, the complaint fails to identify the training or supervision that was provided to officers and deputies prior to this incident and fails to identify what the training deficiencies were. This is defective to his claim. *See Welch v. Bd. of Cnty. Comm's of Sedgwick Cnty., Kan.*, No. 19-1057-JWB, 2019 WL 4168824, at *4 (D. Kan. Sept. 3, 2019) (citing *Wray v. City of New York*, 490 F.3d 189, 196 (2d Cir. 2007) (plaintiff "must identify a specific deficiency in the city's training program and establish that that deficiency is 'closely related to the ultimate injury'") (citation omitted); *Schwers v. City of Albuquerque*, 2015 WL 13306196, *4 (D. N.M. Oct. 5, 2015) (allegation that city failed to provide "training on less-than-lethal force" failed to identify a specific deficiency). Here, Plaintiff merely alleges that the City and County failed to train regarding welfare checks, de-escalation techniques, and proper medical care. It is implausible that the City and County would fail to provide **any** training on these

---

[3] To the extent Plaintiff asserts that this claim is based on a different policy, the allegations are entirely conclusory and insufficient to state a *Monell* claim.

issues.   Therefore, Plaintiff must set forth facts about the training provided and identify the deficiencies. *Id.*

Plaintiff has also failed to allege deliberate indifference.  Somewhat shockingly, Plaintiff asserts in his response brief that this action is distinguishable from *Waller* in that he has alleged deliberate indifference in the complaint by describing "specific deficiencies in training, prior incidents demonstrating the need for additional training, and the City's failure to act despite notice. Plaintiff further alleges that these failures were the moving force behind the constitutional violations suffered." (Doc. 17 at 8; *see also* p. 10.)  Such allegations are absent from his complaint. Simply put, Plaintiff's complaint fails to allege any facts that would support a finding that the City or County acted with deliberate indifference.

The court finds that Plaintiff has failed to plausibly allege a municipal liability claim under section 1983 against the City and the County.

### D.  State Law Claims

The remaining claims in this action are state law claims.  The City Defendants ask the court to decline to exercise supplemental jurisdiction as to those claims.  (Docs. 13 at 11; 32 at 10.) Plaintiff objects on the basis that his federal claims should survive dismissal.  (Doc. 17 at 1, 9.) Although the court could exercise supplemental jurisdiction over Plaintiff's state law claims, the court declines to do so. *See Koch v. City of Del City*, 660 F.3d 1228, 1248 (10th Cir. 2011) ("When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims."); 28 U.S.C. § 1367(c)(3). There are no compelling circumstances that justify this court retaining jurisdiction and the state court is in a better position to evaluate whether Plaintiff has sufficiently stated a claim under Kansas law. In addition, this case is in the early stages as a scheduling order has not been entered and no formal discovery has been

exchanged. Accordingly, the court declines to exercise supplemental jurisdiction over Plaintiff's state law claims and remands this matter to Labette County District Court.

## IV.    Conclusion

All claims against Connor Eckinger, Troy Anderson, Sherri McGuire, and Christine Lewis are dismissed without prejudice.   Plaintiff's section 1983 claims are dismissed against all remaining Defendants.   As a result, the County Defendants' motion to dismiss (Doc. 10) is GRANTED IN PART and DENIED IN PART.[4]  Defendant City's motion to dismiss (Doc. 12) and the Individual City Defendants' motion to dismiss (Doc. 31) is GRANTED.   Defendants Hunter Demond and Mandy Williams's motion for joinder (Doc. 29) is GRANTED.

This matter is remanded to Labette County District Court.

IT IS SO ORDERED.   Dated this 30th day of April, 2026.

s/ John W. Broomes
JOHN W. BROOMES
CHIEF UNITED STATES DISTRICT JUDGE

---

[4] The County Defendants sought dismissal of the state law claims.  The court denies the motion as to that aspect and leaves the sufficiency of the state law claims to the state court.

11